# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NAJAM ALDIN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL NO. 08-cv-343-MJR |
| **ILLINOIS DEPT. OF CORRECTIONS, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Najam Aldin, an inmate in the Vandalia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**FACTS ALLEGED**

Aldin, a practicing Muslim, arrived at Vandalia during Ramadan, on September 26, 2007. On his first day, in an attempt to observe the fast, Aldin did not eat his bag lunch. He explained to the officer that he would eat his lunch after sunset, but the officer threw his uneaten lunch in the trash. After seven days, he was added to the Ramadan list. The morning of October 4, 2007, he was woken before sunrise to have an early breakfast with the other Muslims. At the end of the day, Defendant Workman would not allow him to eat with the other Muslim inmates until Aldin spoke with Defendant Banal. Banal verbally harassed him, then had Aldin stripped and taken to segregation. Aldin was released from segregation the next day, but he was again harassed by officers and other inmates. Although not clear from the pleadings, it seems he received two disciplinary tickets for insolence or for disobeying orders, resulting in a total of 180 days in segregation. Aldin was able to complete his fast while in segregation.

**LEGAL CLAIMS**

*Exercise of Religion*

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). Accordingly, the Court is unable to dismiss Aldin's First Amendment claim regarding interference with attempts to observe the fast during Ramadan.

**SEGREGATION**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, it seems that Aldin was sent to disciplinary segregation for six months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation at Vandalia were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Aldin's

due process claim is without merit.

**TELEPHONE ACCESS**

At the end of his complaint, Aldin alleges that in early 2008, his phone privilege was revoked for thirty days by Defendants Sachen and Gaylord. However, the Constitution does not recognize an inmate's liberty interest in telephone privileges, *see Sandin v. Connor,* 115 S.Ct. 2293 (1995), and regulations limiting telephone use by inmates have been sustained routinely as reasonable. *See, e.g., Arsberry v. Illinois,* 244 F.3d 558, 564 (7th Cir. 2001); *Pope v. Hightower,* 101 F.3d 1382, 1384-85 (11th Cir. 1996); *Washington v. Reno,* 35 F.3d 1093, 1100 (6th Cir. 1994); *Benzel v. Grammar,* 869 F.2d 1105, 1108 (8th Cir. 1989); *Martin v. Tyson,* 845 F.2d 1451, 1458 (7th Cir.1988); *Strandberg v. City of Helena,* 791 F.2d 744, 747 (9th Cir.1986); *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir.1982) (inmates have no right to unlimited telephone use). Moreover, Aldin was not completely barred from communicating with the outside world. Although letter-writing and visitation may not be as efficient a means of communication, the Constitution does not require that prison officials choose the least restrictive alternative. *Thornburgh v. Abbott,* 490 U.S. 401, 411 (1989); *see also Arsberry,* 244 F.3d at 564-65 (high price of prison telephone calls that arguably curtail visiting by families who live far from prisons does not violate Fourteenth Amendment due process rights). Therefore, Aldin has not presented a viable constitutional claim regarding the restrictions on telephone access, and this claim against Sachen and Gaylord is dismissed from this action with prejudice.

**OTHER DEFENDANTS**

In the caption of the complaint, Aldin lists the Illinois Department of Corrections as a defendant. The Supreme Court has held that "neither a State nor its officials acting in their official

capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

The Court notes that, in the jurisdictional portion of the complaint, Aldin identifies this defendant as Steven Mensing, the warden at Vandalia. However, the complaint contains no allegations against Mensing, and "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Thus, as either the I.D.O.C. or as Warden Mensing, this defendant is dismissed.

**PENDING MOTIONS**

Aldin first requests that the Court appoint him counsel. There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Aldin submits three letters from attorneys who

have declined to represent him, indicating that he has made at least *some* effort to find counsel.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*. Aldin's claims are not that factually complex, as set forth above. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on the pleadings in this case, this Court concludes that - at this time - Aldin appears to be competent to litigate his case. Therefore, the motion for the appointment of counsel (Doc. 10) is **DENIED**, without prejudice.

Aldin also seeks an order granting him access to the law library (Doc. 11). At this time, the Court sees no need to enter such an order. Defendants have not yet been served and thus have not yet filed a response to the complaint. Until a scheduling order is entered, there are no deadlines imposed that would require a response from Aldin. Therefore, this motion is **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that **GAYLORD, SACHEN,** and **ILLINOIS DEPARTMENT OF CORRECTIONS**, and Aldin's **claims regarding disciplinary actions and telephone privileges**, are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **WORKMAN** and **BANAL** within **THIRTY (30) DAYS** of the date of entry of this

Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WORKMAN** and **BANAL**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WORKMAN** and **BANAL** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 11th day of May, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**