IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NAJAM ALDIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **08-343 - MJR-CJP** |
| | ) | |
| **SCOT WORKMAN, and** | ) | |
| **J. BANAL,** | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Plaintiff Najam Aldin was, at the time of the events alleged, an inmate in the custody of the IDOC. Since filing this lawsuit, he has been released from prison. He brings suit pursuant to 42 U.S.C. §1983 for violation of his constitutional rights. Mr. Aldin is Muslim. He alleges that he arrived at Vandalia Correctional Center on September 26, 2007, and that defendants interfered with his ability to participate in the Ramadan fast at Vandalia Correctional Center from the date of his arrival until October 4, 2007.

Defendants filed a Motion for Summary Judgment in which they assert that plaintiff failed to exhaust his administrative remedies. **(Doc. 21)**. The motion is supported by a memorandum, **Doc. 22**, and exhibits attached thereto. Plaintiff filed a response at **Doc. 25**, to which defendants replied at **Doc. 26.**

This Court held an evidentiary hearing pursuant to *Pavey v. Conley*, **544 F.3d 739 (7th Cir. 2008)** on March 10, 2010. The transcript of that hearing is located at **Doc. 31**.

## Standard for Summary Judgment

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that

1

the moving party is entitled to judgment as a matter of law.  *Estate of Suskovich v. Anthem Health Plans of Virginia, Inc*., **553 F.3d 559, 563 (7th Cir. 2009)**, *citing* **Fed. R. Civ. P. 56(c).** *Accord, Breneisen v. Motorola, Inc.*, **512 F.3d 972 (7th Cir. Cir. 2008);** *Levy v. Minnesota Life Ins. Co.*, **517 F.3d 519 (7th Cir. 2008).**

In ruling on a summary judgment motion, the Court construes all facts and reasonable inferences in the light most favorable to the non-moving party (here, Plaintiff).  *Lloyd v. Swifty Transp., Inc.*, **552 F.3d 594, 600 (7th Cir. 2009).**

In response to summary judgment, the non-movant cannot rest on his pleadings. Rather, the non-movant must provide evidence on which the jury or court could find in *his* favor. *Maclin v. SBC Ameritech*, **520 F.3d 781, 786 (7th Cir. 2008).**  As the Seventh Circuit recently explained:

> [T]he non-moving party must submit evidence that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Ptasznik v. St.Joseph Hosp.*, 464 F.3d 691, 694 (7th Cir. 2006). The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party.

*Giant Screen Sports v. Canadian Imperial Bank of Commerce*, **553 F.3d 527, 531-32 (7th Cir. 2009).**

Stated another way, to counter a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in his pleadings; more substantial evidence must be presented.

A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 247 (1986)**, or "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).**  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson*, **477 U.S. at 252.**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. ***Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).**

### The Exhaustion Requirement

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

***Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir. 1999)** explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and *Perez*, 182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle*, 122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. ***Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** In summary, these regulations provide that the inmate shall first attempt to resolve problems or complaints with his counselor. If the problem is not resolved, the inmate must first submit his

3

grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Officer (*i.e*., the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden notifies the inmate in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

### Defendants' Position

Defendants' position is that plaintiff filed a grievance about being denied the Ramadan fast dated October 5, 2007. However, he did not exhaust that grievance in that he did not file a timely appeal to the ARB after the grievance was denied at the institutional level.

### Plaintiff's Position

At the hearing, plaintiff argued that exhaustion would have been futile and that his case should not be dismissed on a technicality.

### Evidentiary Hearing

In *Pavey v. Conley*, **544 F.3d 739, 742 (7th Cir. 2008)**, the Seventh Circuit held that, where exhaustion is contested, the court must follow a three step process:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of

the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies

At the hearing, defendants relied on the exhibits attached to their memorandum in support. Doc. 31, p. 6. A copy of plaintiff's October 5, 2007, grievance is attached to Doc. 22 as Exhibit A-1. The Grievance Officer's report is dated December 26, 2007, and the Chief Administrative Officer's Response is dated January 2, 2008. Mr. Aldin's appeal was dated more than seven months later. He signed the Appeal to the Director on August 25, 2008. Mr. Aldin sent the appeal to the ARB with a letter in which he asked the ARB to excuse his "extreme tardiness." The appeal was rejected as untimely on September 15, 2008.

In addition, the affidavit of Jackie Miller, a Chairperson with the Office of Inmate Issues, is attached to Doc. 22 as Exhibit A. Ms. Miller confirms that the ARB did not receive an appeal of plaintiff's grievance regarding denial of Ramadan observance until August 27, 2008, and that the appeal was untimely.

At the hearing, plaintiff admitted that he did not appeal his grievance to the ARB until August of 2008. He testified that he did not appeal the warden's denial in January, 2008, because he felt that it would have been futile as Ramadan was over. He also felt that it took too long for prison officials to respond to his grievance. Plaintiff testified as follows:

> I didn't receive a response until January of the next year. So at that point, you know, within two or three months of going through the, I would say the wringer, I had just about given up on the case. Because I had also filed – I had already filed my U.S. District Court, the [19]83, I had already filed that also at the same time.

Doc. 31, p. 7, lines 14-19.

Plaintiff further testified that "I didn't realize that this Court required me to appeal a decision that was already made." Doc. 31, p. 8, lines 3-4.

## Analysis

This lawsuit was filed on April 21, 2008. Although plaintiff filed a timely grievance on October 5, 2007, he admittedly did not exhaust his grievance before filing suit.

5

Under Section 1997(e)(a), exhaustion is "mandatory" and is required for "any suit challenging prison conditions." **Woodford v. Ngo**, **126 S.Ct. 2378, 2382-2383 (2006).** Further, in this context, exhaustion means "proper exhaustion;" that is, the inmate must file a timely grievance utilizing the procedures put in place by the prison system. **Woodford, 126 S.Ct. at 2385, citing** ***Pozo, supra***.

At the hearing, plaintiff testified that he perceived that an appeal would have done him no good, since Ramadan was over by the time he received the warden's response. He also testified that he felt like he was dealing with "dictators." Doc. 31, pp. 7-8. Despite the fact that Ramadan was over and no immediate relief could have been afforded to him, plaintiff was still required to exhaust his administrative remedies. There is no futility exception to the exhaustion requirement. Exhaustion is required despite the "inmate's perception that exhaustion would be futile." ***Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).** Further, exhaustion is required despite the fact that the administrative process does not provide for the type of relief sought. ***Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001)**.

Plaintiff suggested in his response to the motion that he also felt that it took too long for prison officials to respond to his grievance. However, the Grievance Officer and the Chief Administrative Officer's responses were well within the allowable time frames set forth in 20 IL ADC 504.830.

Lastly, Mr. Aldin argued that his case is serious and should not be dismissed on a "technicality." Doc. 31, p.7. The Court respects Mr. Aldin's perception of the seriousness of his case. However, this Court is bound by Seventh Circuit precedent, and does not have the authority to waive the statutory requirement of exhaustion of administrative remedies.

The record establishes that plaintiff did not exhaust a grievance as to either defendant arising out of interference with his observation of Ramadan in October, 2007. The record further establishes that the failure to exhaust was plaintiff's fault, and, under ***Pavey***, "the case is over."

6

See, *Pavey*, **544 F.3d at 742.**

### Recommendation

This Court recommends that Defendants' Motion for Summary Judgment **(Doc. 21)** be **GRANTED.** This case should be dismissed without prejudice as to both defendants. See, *Ford v. Johnson***, 362 F.3d 395, 401 (7th Cir. 2004).**

Objections to this Report and Recommendation must be filed on or before **April 2, 2010.**

**Submitted: March 16, 2010.**


  **s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

7