## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NAJAM ALDIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-cv-0343-MJR** |
| | ) | |
| **SCOTT WORKMAN and J. BANAL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On April 21, 2008, Najam Aldin filed suit against Scott Workman and J. Banal pursuant to **42 U.S.C. § 1983**.[1]  Aldin alleges that Defendants violated his First Amendment right to practice his religion by interfering with his attempts to observe his fast during Ramadan.

On March 17, 2010, Magistrate Judge Clifford J. Proud submitted a Report and Recommendation ("the Report") pursuant to **28 U.S.C. § 636(b)(1)(B)**, regarding Defendants' motion for summary judgment (Doc. 21).  The Report finds that Aldin admittedly failed to exhaust his administrative remedies, as required under **42 U.S.C. § 1997e(a)**.  The Report also finds that Aldin's arguments that he should be allowed to proceed despite his failure to exhaust were unavailing.  First, exhaustion is mandatory.  Second, there is no futility exception to exhaustion.  Third, the Grievance Officer's and the Chief Administrative Officer's responses to Aldin's grievances were not untimely. And fourth, the Court has no authority to waive the exhaustion

---

[1]Defendants Gaylord, Sachen and Illinois Department of Corrections were dismissed with prejudice on threshold review (Doc. 12).

requirement.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report.  To date, neither party has filed objections.  The period in which to file objections has expired.  Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review.  ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 32) in its entirety, **GRANTS** Defendants' motion for summary judgment (Doc. 21) and **DISMISSES** this action with prejudice.  This case is now closed.

**IT IS SO ORDERED.**

**DATED this 9th day of April, 2010.**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**